```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

RICKY E. MOORE,                  )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )     No. 4:08CV1200-DJS
                                 )
CITY OF DESLOGE,                 )
MISSOURI, et al.,                )
                                 )
          Defendant.             )

### ORDER

Now before the Court are defendants Theresa Moore and Jason Moore's ("Moore defendants") motion to dismiss plaintiff Ricky Moore's complaint [Doc. #8], and defendants City of Desloge, James Bullock, and Aaron Malady's ("Desloge defendants") motion to dismiss plaintiff's complaint or, in the alternative, for a more definite and certain statement [Doc. #14]. With regard to both motions, each set of defendants filed a brief in support of their respective motions, and plaintiff filed briefs in opposition. Neither set of defendants filed a brief in reply, and the time to do so has expired. Accordingly, these matters are ready for disposition.

### Standard of Review

In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume that all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to

dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in a case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. Id. Generally, the Court must ignore materials that are outside of the pleadings; however, the Court may consider some materials that are part of the public record or those that are necessarily embraced by the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 299 (1990) (opining that a trial court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint").

**Facts**

The following facts are those pled in plaintiff's complaint or contained in the public record, and are accepted as true for purposes of the instant motion.[1] Plaintiff and defendant

---

[1] As attachments to their motion to dismiss, the Moore defendants provided the Court with Theresa Moore and plaintiff's Second Amended Judgement of Dissolution, their Division of Claimed Marital Property, and their Legal Description of Real Property. All three of these documents were entered by the Circuit Court of Franklin County, Missouri, and are accordingly part of the public record which the Court may consider in determining the current motions. The Court notes that, for context, it has considered the fact that plaintiff and one of the defendants were at one time married, a fact which plaintiff has pled in his complaint. The Court does not consider the remainder of the Moore defendants' attachments because, for purposes of this motion, the remainder of the attachments are irrelevant.

Theresa Moore were married on September 30, 1972. On or about October 5, 2003, the two separated, and, in 2005, the two were legally divorced. Defendant Jason Moore is the natural son of plaintiff and defendant Theresa Moore. Defendant James Bullock is the chief of police of the City of Desloge, Missouri, and defendants Aaron Malady, John Doe 1, and John Doe 2 are police officers employed by the City of Desloge.

Since 1988, plaintiff was, and continues to be, totally disabled. From 1988 to 2004, plaintiff was dependent on numerous prescription drugs, including the drug Oxycotin to treat pain, and insulin to treat diabetes. In 1995, defendant Theresa Moore decided to divorce plaintiff and take substantially all of his assets. To accomplish this, defendants Theresa Moore and Jason Moore voluntarily joined in concert with each other and voluntarily agreed upon a plan to file a dissolution of marriage lawsuit against plaintiff, and to create a false marital misconduct case against plaintiff.

Plaintiff alleges that, in October of 2004, the Moore defendants learned that plaintiff was renting an apartment, and knew that plaintiff had a quantity of Oxycotin tablets in his possession at this apartment. Defendant Theresa Moore asked defendant Jason Moore to contact defendant Malady, with whom defendant Jason Moore was acquainted. Defendant Jason Moore intentionally and falsely reported to defendant Malady that plaintiff was illegally possessing and distributing a large quantity of Oxycotin from his apartment. Pursuant to this report,

defendant Malady went to the apartment, and forcibly entered the apartment without an arrest or search warrant, plaintiff's consent, or probable cause. Defendants Doe 1 and Doe 2 were then called to the scene, and the three officers searched plaintiff's apartment and seized numerous items. Further, defendant Malady started to interrogate plaintiff, whereupon plaintiff asked for but was denied an attorney. Plaintiff further states that he was never read his <u>Miranda</u> rights. Plaintiff states that he was arrested, incarcerated, and ultimately charged with possession of a controlled substance in the Circuit Court of St. Francois County, Missouri. However, the trial court granted plaintiff's motion to suppress all evidence seized by defendants Malady, Doe 1, and Doe 2. Plaintiff alleges that the Moore defendants and the Desloge defendants' conduct was intentional, unreasonable, malicious, evil, outrageous, and was undertaken to deprive plaintiff of his rights.

Plaintiff's complaint contains three counts. Count I asserts claims pursuant to 42 U.S.C. §1983 against all defendants. Plaintiff states that defendant City of Desloge had established policies and practices to: (1) stop, detain, seize, and interrogate citizens without constitutional justification; (2) conduct custodial interrogations without giving <u>Miranda</u> warnings; (3) continue custodial interrogations after a citizen requested the assistance of an attorney; (4) use excessive force when conducting investigations; (5) seize property without constitutional justification; (6) improperly train or educate officers; and (7) improperly supervise officers. Further, plaintiff alleges that

defendants City of Desloge and Bullock inadequately trained and supervised defendants Malady, Doe 1, and Doe 2, and that such failure resulted in a violation of plaintiff's constitutional rights.[2] In ¶67 of his complaint, plaintiff states that all defendants deprived him of the following clearly established constitutional rights: (1) the Fourth and Fifth Amendments' right to be free from unreasonable searches and seizures of his property; (2) the Fourth and Fifth Amendments' right to be free from unreasonable searches and seizures of his person; (3) the Fourteenth and Fifth Amendments' right to be free from unreasonable searches and seizures without due process; (4) the Fifth Amendment's right to be read <u>Miranda</u> rights when arrested; (5) the Fifth Amendment's right to counsel; (6) the Fourteenth Amendment's right to equal protection; (7) the Fourteenth Amendment's right to equal privileges and immunities under the law; (8) the Fourteenth Amendment's right to be free from unreasonable seizures of his person; and the Fourteenth Amendment's right to be free from seizure of his person without due process.

Count II asserts claims pursuant to 42 U.S.C. §1985(2) and 42 U.S.C. §1985(3) against all defendants. Plaintiff alleges that a conspiracy existed between all defendants: (1) to deprive plaintiff of his equal protection of the law; (2) to defeat the due

---

[2]In ¶35 of his complaint, plaintiff alleges that defendant City of Desloge, including its agents and employees, and private citizens who acted with these agents and employees, conspired to implement the above stated policies and practices, which plaintiff refers to as the "1985 Conspiracy." The Court notes that Count I brings claims pursuant to 42 U.S.C. §1983, and Count II brings claims pursuant to 42 U.S.C. §1985.

course of justice with the intent to injure plaintiff or his property; and (3) to defeat the due course of justice by influencing the verdict of the grand jury with evidence unconstitutionally acquired through implementation of defendant City of Desloge's policies.

Finally, Count III asserts a state law civil conspiracy claim pursuant to Mo. Rev. Stat. §§575.080.1, 575.060.1, 575.050.1, 575.040.1 against the Moore defendants. Plaintiff alleges that defendant Theresa Moore gave a written and verified statement to an officer in Washington County, Missouri (who is not named in the complaint), intentionally and falsely accusing plaintiff of making and possessing an illegal pipe bomb. Further, plaintiff alleges that the Moore defendants made numerous statements to other law enforcement officials (who are not named in the complaint), intentionally and falsely accusing plaintiff of making and possessing an illegal pipe bomb. As a result of the Moore defendants' statements, plaintiff was arrested, taken into custody, and incarcerated for a substantial period of time before the case was eventually dismissed.[3]

## Discussion

The Moore defendants and the Desloge defendants have filed separate motions to dismiss plaintiff's complaint. In both motions, defendants argue that plaintiff's complaint fails to state a claim upon which relief can be granted.

---

[3]Plaintiff alleges that he was unable to participate in his divorce case because of his incarceration.

To state a claim under 42 U.S.C. §1983, a plaintiff must show that "persons acting under the color of state law deprived [him] 'of rights, privileges, or immunities secured by the Constitution.'" Gregory v. City of Rogers, 974 F.2d 1006, 1009 (8th Cir. 1992) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986)). Section 1983 secures most constitutional rights "from infringement by governments, not private parties." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). Nevertheless, a private party may be held liable for a claim brought pursuant to 42 U.S.C. §1983 if that party is a "willful participant in joint action with State or its agents." Id. (quoting Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)). However, providing false information to an arresting officer is not, by itself, sufficient to state a claim against a private party under 42 U.S.C. §1983. See Butler v. Goldblatt Bros., Inc., 589 F.2d 323, 327 (7th Cir. 1978) (declining to hold that "the mere act of furnishing information to law enforcement officers constitutes joint (activity) with state officials in the Prohibited action" (quotation omitted)); see also Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1357 (9th Cir. 1981) (examining whether the private defendant "exerted any control over the decision making of the" state actors).

In this case, the constitutional violations alleged by plaintiff were the result of state action. Plaintiff alleges that state officials, that is, the officers of the Desloge police

department, unlawfully arrested plaintiff without disclosing his Miranda rights or providing him access to an attorney upon request, searched his apartment, and seized his possessions. Consequently, the Court will not dismiss Count I with regard to the Desloge defendants. However, while the Moore defendants allegedly provided false information, there is no allegation that they exerted any control over the decision making process of the police officers. Accordingly, their actions do not rise to such a level that they can be considered state actors for purposes of 42 U.S.C. §1983. The Moore defendants' motion to dismiss will be granted with respect to Count I.

To state a conspiracy claim under 42 U.S.C. §1985(3),[4] a plaintiff must sufficiently allege four elements: (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive plaintiff either directly or indirectly of his civil

---

[4]"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. §1985(3).

rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right. Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999). To satisfy the first element, a plaintiff must allege that the defendants "did conspire," that is, allege that an agreement existed between the defendants in the conspiracy. Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996). Further, to maintain an action under 42 U.S.C. §1985(3), a plaintiff must allege "that the conspiracy is fueled by some 'class-based, invidiously discriminatory animus.'" Id. (quoting Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993)); see also Dornheim v. Sholes, 430 F.3d 919, 924 (8th Cir. 2005) (holding that the purpose of the animus requirement was to prevent 42 U.S.C. §1985(3) from becoming a general federal tort law).

Two clauses appear in 42 U.S.C. §1985(2).[5] The first pertains to conspiracies to interfere with the administration of justice in federal courts. See Harrison v. Springdale Water and

---

[5] "If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. §1985(2).

Sewer Comm'n, 780 F.2d 1422, 1429 (8th Cir. 1986); see also Gill v. Farm Bureau Life Ins. Co. of Mo., 906 F.2d 1265, 1269 (8th Cir. 1990) (finding that the first portion of 42 U.S.C. §1985(2) relates to federal judicial proceedings). As plaintiff does not allege a conspiracy to interfere with the administration of justice in a federal court, any alleged violation of 42 U.S.C. §1985(2) must fall under the second clause, which proscribes conspiracies to impede, hinder, obstruct, or defeat the due course of justice with intent to deny any citizen the equal protection of the laws. As with claims under 42 U.S.C. §1985(3), "an allegation of class-based, invidiously discriminatory animus is required to state a claim under the second clause of section 1985(2)." Harrison, 780 F.2d at 1429.

As an initial matter, the Court notes that plaintiff has not alleged that any of the defendants were motivated by racial or class-based animus. Rather, plaintiff alleges that the Moore defendants were acting to acquire plaintiff's assets. See Doc. #1, ¶24. Further, plaintiff alleges that the Desloge defendants' policies and actions were directed toward "citizens" in general, and does not allege any racial or class-based motives. See Doc. #1, ¶¶31-33. Plaintiff's failure to allege a racial or class-based animus serves as a sufficient basis to dismiss plaintiff's 42 U.S.C. §1985(2) and 42 U.S.C. §1985(3) claims asserted in Count II. Further, with regard to the Desloge defendants, the Court finds that plaintiff has failed to sufficiently allege that any of the Desloge defendants "did conspire" with one another or with the

Moore defendants. Accordingly, with regard to Count II, plaintiff's complaint fails to allege the existence of a civil conspiracy.

Finally, the Court notes that the facts alleged and the parties implicated in Count I are wholly distinct from the facts alleged and the parties implicated in Count III. Because the Court will dismiss Count I as to the Moore defendants, and Count II in its entirety, the Court will decline to exercise pendent jurisdiction over Count III.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendants Theresa Moore and Jason Moore's motion to dismiss plaintiff Ricky Moore's complaint [Doc. #8] is granted.

**IT IS FURTHER ORDERED** that defendants City of Desloge, James Bullock, and Aaron Malady's motion to dismiss plaintiff's complaint or, in the alternative, for a more definite and certain statement [Doc. #14] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Count I is dismissed as to Theresa Moore and Jason Moore.

**IT IS FURTHER ORDERED** that Count II is dismissed as to all defendants.

**IT IS FURTHER ORDERED** that the Court will decline to exercise pendent jurisdiction over Count III, and Count III is therefore dismissed without prejudice.

Dated this __11th__ day of February, 2009.

                                           /s/Donald J. Stohr
                                           UNITED STATES DISTRICT JUDGE